IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| COHEN BRAFFITS ESTATES DEVELOPMENT, LLC, a New York limited liability company; BRAFFITS CREEK ESTATES, LLC, a Utah limited liability company,<br><br>Plaintiffs,<br><br>v.<br><br>SHAE FINANCIAL GROUP, LLC, a Utah limited liability company; SOUTHWEST UTAH PROPERTIES, LLC, a Utah limited liability company; FRANK "TONY" ALLEN, individually and in his capacity as trustee of the FRANK ALLEN LIVING TRUST; and G. TROY PARKINSON, an individual,<br><br>Defendants. | **ORDER DENYING PLAINTIFFS' MOTION FOR TEMPORARY RESTRAINING ORDER WITHOUT PREJUDICE**<br><br>Case No. 4:23-cv-00031-RJS<br><br>Chief Judge Robert J. Shelby |

On April 21, 2023, Plaintiffs initiated this action against the Defendants.[1] On April 26, Plaintiffs filed their F.R.C.P. 65 Motion for Temporary Restraining Order and Preliminary Injunction.[2] Plaintiffs also filed a separate Statement of Facts and Evidence in Support of the Motion.[3] In the Motion, Plaintiffs request a "TRO and preliminary injunction enjoining Defendants from selling Braffits Mountain, a one-of-a-kind, irreplaceable real property."[4] They further argue a "TRO should issue without notice" and request "an injunction for the shortest

---

[1] ECF 1.

[2] ECF 8.

[3] ECF 9–11.

[4] ECF 8 at 34.

1

time possible until Defendants can 'be heard in opposition.'"[5] For the reasons explained below, the court DENIES the Motion without prejudice.

Federal Rule of Civil Procedure 65 states a district court may issue a temporary restraining order without notice only if two conditions are met.[6] First, "specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition."[7] Second, "the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required."[8]

Plaintiffs' counsel have not provided a certification explaining efforts they have made to provide notice to the Defendants that Plaintiffs are seeking a temporary restraining order.[9] Nor is there a certification explaining why notice to the Defendants should not be required.[10]

To be sure, the Motion states, "Defendants are believed to be closing the sale soon,"[11] and the Statement of Facts alleges Defendant Southwest Utah Properties, LLC stated it would be meeting with the purchaser "on or after Monday, April 24, 2023."[12] But those statements are not sufficient to satisfy Rule 65's certification requirement.[13]

Moreover, at the end of the Motion, Plaintiffs included a Certificate of Service, indicating the Motion was mailed or emailed to the Defendants and an attorney who represented the

---

[5] *Id.* at 36–37.

[6] Fed. R. Civ. P. 65(b)(1).

[7] *Id.* at R. 65(b)(1)(A).

[8] *Id.* at R. 65(b)(1)(B).

[9] *See generally* ECF 8.

[10] *See id.*

[11] *Id.* at 37.

[12] ECF 9 at 58.

[13] *See* Fed. R. Civ. P. 65(b)(1)(B).

Defendants in related litigation.[14] The Certificate of Service does not provide enough information for the court to determine if notice was given, but it appears to undercut Plaintiffs' request for a temporary restraining order without notice.

For the reasons provided, the court concludes Plaintiffs have not satisfied their burden of demonstrating it is appropriate to issue a temporary restraining order without notice. The Motion is thus DENIED without prejudice.

SO ORDERED this 26th day of April 2023.

BY THE COURT:

ROBERT J. SHELBY
United States Chief District Judge

---

[14] ECF 8 at 38.